UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


BRANCH BANKING AND TRUST COMPANY,
a North Carolina corporation,

       Plaintiff,

v.                             Civil Action No. 2:19-cv-00366

SERVISFIRST BANK;
MBH HIGHLAND, LLC d/b/a
HIGHLAND HOSPITAL;
WORLD GLOBAL CAPITAL, LLC d/b/a
FUNDKITE FUNDING;
GREEN CAPITAL FUNDING, LLC; and
MCA RECOVERY LLC,

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


Pending is a motion to stay discovery, filed June 20, 2019 by defendants World Global Capital, LLC, Green Capital Funding, LLC, and MCA Recovery, LLC (collectively the "New York Defendants").


I.


Plaintiff Branch Banking and Trust Company ("BB&T") instituted this interpleader action in the Circuit Court of Kanawha County, West Virginia on April 5, 2019. The underlying dispute revolves around competing claims to certain deposit accounts opened and maintained by defendant MBH Highland Hospital,

LLC ("Highland Hospital") at BB&T, with which Highland Hospital

maintains its account at the BB&T branch located at 300 Summers

Street, Charleston, West Virginia.  Compl. ¶¶ 9, 15-17, ECF No. 1-

1.  As a disinterested stakeholder, BB&T asserts no claim to the

money in Highland Hospital's deposit accounts.  Id.  ¶ 22.

Rather, BB&T seeks a court's determination of the proper

distribution of the funds in these accounts among the conflicting

claims of the defendants.  Id. ¶¶ 15, 20.[1]

        The interpleader complaint alleges that Highland

Hospital's ultimate parent company is nonparty Meridian Behavioral

Health Systems, LLC ("MBHS"), whose sole member is a nonparty

individual, Wesley E. Mason III ("Mason").  Compl. ¶ 2, ECF No. 1-

1.  In February 2019, defendants World Global Capital, LLC ("WGC")

and Green Capital Funding, LLC, ("GCF") were each awarded a

judgment in the Supreme Court of the State of New York against

Mason and MBHS and its affiliates, including Highland Hospital.

Id. ¶¶ 10-11.[2]  On February 27, 2019 and March 1, 2019, BB&T

received two Information Subpoenas with Restraining Notices in

_____

[1] When BB&T filed its interpleader complaint on April 5, 2019,
Highland Hospital's deposit accounts held $411,381.37 in total.
As of July 25, 2019, the total amount held increased to
$434,199.41.  See BB&T's Reply Supp. Mot. Leave Deposit
Interpleader Funds 3 n.2, ECF No. 57.
[2] After the New York courts entered their judgments, Green Capital
and World Global employed MCA Recovery as their collection agent.
See New York Defs.' Mem. Supp. Mot. Dismiss Interpleader
Compl. 1 n.1, ECF No. 9.

connection with the two New York judgments stating that

$305,466.91 (WGC) and $834,001.00 (GCF), respectively, remained

due on the judgments plus interest.  Id. ¶¶ 12-13.  On March 1,

2019, BB&T also received a levy and demand on Highland Hospital's

deposit accounts, directing BB&T to remit the sum of $876,113.65

to GCF.  Id. ¶ 14.  The interpleader complaint further alleges

that "BB&T has been notified" by unidentified sources that the

funds requested may not properly belong to WGC or GCF and that

ServisFirst Bank ("ServisFirst") "may hold a first priority

perfected security interest in all assets of MBHS and its

affiliates, including Highland Hospital, and has filed UCC

financing statements regarding the same."  Id. ¶ 15.

        BB&T has named all of the above-named entities as

defendants in this action.  Both Highland Hospital and ServisFirst

asserted crossclaims against the New York Defendants in the state

court action[3] seeking, inter alia, an order that Highland Hospital

possesses a valid claim to the deposit funds, subject to

_____

[3] Highland Hospital originally filed its answer and crossclaims on
April 16, 2019.  See Highland Hospital's Answer, ECF No. 3.
ServisFirst contends that it filed its answer and crossclaims in
the state court action on May 8, 2019, the same day that the New
York Defendants filed a notice of removal in this court.  See
ServisFirst's Answer 1 n.1, ECF No. 18.  The New York Defendants
maintain that they were never served with ServisFirst's answer and
crossclaims until they were filed in this court June 7, 2019.  See
New York Defendant's Mot. Stay 1 n.1, ECF No. 23.

ServisFirst's perfected security interest.  See ServisFirst's
Answer, ECF No. 18; Highland Hospital's Answer, ECF No. 3.

On May 8, 2019, the New York Defendants removed the
interpleader action to this court.  On May 30, 2019, the New York
Defendants filed (1) a motion to dismiss Highland Hospital's
crossclaims for lack of personal jurisdiction and lack of subject
matter jurisdiction, or, in the alternative, transfer of venue to
the Western District of New York; and (2) a motion to dismiss
BB&T's interpleader complaint for lack of personal jurisdiction,
or, in the alternative, transfer venue to the Western District of
New York.  On June 7, 2019, Highland Hospital moved to remand the
case to state court because the New York Defendants failed to
obtain the consent of either Highland Hospital or ServisFirst
before removal.  On June 20, 2019, the New York Defendants filed
(1) a motion to stay discovery pending a decision on the above
jurisdictional motions, and (2) a motion to realign ServisFirst
and Highland Hospital as plaintiffs prior to any determination on
whether removal was proper.

The parties have filed several additional motions since
then: (1) the New York Defendants filed a motion on June 28, 2019
to dismiss ServisFirst's crossclaims for lack of subject matter
jurisdiction and for failure to state a claim, or, in the
alternative, transfer venue to the Western District of New York;

(2) BB&T filed a motion on July 12, 2019 to deposit the

interpleader funds with the court; and (3) BB&T filed a motion on

July 26, 2019 requesting leave to file an amended complaint.  In

total, there are eight pending motions in this case.

II.

Federal Rule of Civil Procedure 26(c) provides

pertinently as follows:

> A party or any person from whom discovery is sought may
> move for a protective order . . . . The court may, for
> good cause, issue an order to protect a party or person
> from . . . undue burden or expense, including one or
> more of the following: (A) forbidding the disclosure or
> discovery; (B) specifying terms, including time and
> place . . . for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c).

The Rule vests the court with discretion to stay

discovery in advance of deciding a pending dispositive motion.

See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986)

overruled on other grounds, Sheridan v. United States, 487 U.S.

392 (1988) ("Nor did the court err by granting the government's

motion under Fed. R. Civ. P. 26(c) to stay discovery pending

disposition of the 12(b)(1) motion. . . . Trial courts . . . are

given wide discretion to control this discovery process . . . .").

As noted by one court, "such a procedure is an eminently

logical means to prevent wasting the time and effort of all

concerned, and to make the most efficient use of judicial
resources." Coastal States Gas Corp. v. Department of Energy, 84
F.R.D. 278, 282 (D.C. Del. 1979).  The decision concerning a stay
request is guided by a number of factors as follows:

> In considering whether a stay of all discovery pending
> the outcome of a dispositive motion is warranted, a
> case-by-case analysis is required, since such an inquiry
> is necessarily fact-specific and depends on the
> particular circumstances and posture of each case. To
> assist in this determination, the Court is guided by the
> following factors, none of which is singly dispositive:
> [1] the type of motion and whether it is a challenge as
> a "matter of law" or to the "sufficiency" of the
> allegations; [2] the nature and complexity of the
> action; [3] whether counterclaims and/or cross-claims
> have been interposed; [4] whether some or all of the
> defendants join in the request for a stay; [5] the
> posture or stage of the litigation; [6] the expected
> extent of discovery in light of the number of parties
> and complexity of the issues in the case; and [7] any
> other relevant circumstances.

Bragg v. United States, No. CIV.A. 2:10-0683, 2010 WL 3835080, at
*1 (S.D.W. Va. Sept. 29, 2010) (quoting Hachette Distribution,
Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358
(E.D.N.Y. 1991)).

At the time the motion to stay was filed, Highland
Hospital had filed a motion to remand and the New York Defendants
had filed motions to dismiss for lack of personal and subject
matter jurisdiction and to transfer venue.  The issues raised by
these motions are purely questions of law and do not depend on any
facts in discovery.  Though the New York Defendants' motion to

dismiss or alternatively transfer venue of ServisFirst's crossclaims also argues that ServisFirst failed to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), this is a secondary argument raised in a motion filed June 28, 2019, after the motion to stay.

ServisFirst, Highland Hospital, and the New York Defendants all contend that this court lacks jurisdiction to hear this case. While Highland Hospital argues that any discovery could be reused in state court, a discovery plan in conformity with the Federal Rules and Local Rules of this court would be obviated if the court were to remand this case to state court. See Highland Hospital's Resp. Opp. Mot. Stay 7-8, ECF No. 36.

Regarding the remaining factors, this action appears to be one of some complexity given the scope and number of crossclaims asserted by ServisFirst and Highland Hospital, which include violations of the Uniform Enforcement of Foreign Judgments Act, the Business Registration Tax Act, and the Collection Agency Act of 1973. The court notes that the cross-claimants also vigorously oppose the stay. ServisFirst argues that it has a compelling interest in restoring its collateral "as well as in defeating any future claims of the New York Defendants to any further funds subject to this interpleader action." See ServisFirst's Resp. Opp. Mot. Stay 3, ECF No. 35. Likewise,

Highland Hospital argues a stay may jeopardize its ability to operate and provide necessary mental health treatment inasmuch as it is currently restricted from using the funds in the deposit accounts.  See Highland Hospital's Resp. Opp. Mot. Stay 13-14, ECF No. 36.  BB&T does not oppose the stay if the court finds jurisdiction proper in this case.  See BB&T's Resp. Mot. Realign Parties and Mot. Stay 2, ECF No. 45.

Although the discovery completion date is November 22, 2019, discovery does not appear to have progressed beyond the defendants' first set of interrogatories, requests for production, requests for admissions, and expert witness disclosures.  The New York Defendants also contend that discovery will be extensive, costly, and burdensome to determine the nature and extent of ServisFirst's interest.

After reviewing the applicable factors, the court finds that a stay is warranted in this case.  An initial ruling on the numerous pending motions will resolve the preliminary jurisdictional disputes and avoid any unnecessary discovery in this court.  Moreover, the stay was requested a little more than a month after the notice of removal and before the parties made any discovery requests.  If ServisFirst and Highland Hospital are ultimately entitled to relief, a stay will likely only delay any recovery they receive in this case by a few months.

Accordingly, it is hereby ORDERED that the New York Defendants' motion to stay discovery be, and it hereby is, granted.  It is further ORDERED that discovery in this matter be, and it hereby is, stayed until further order of the court.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: November 1, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge